KOHLER et al. v. NORTHERN ELECTRICAL MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1908.)

No. 1,377.

1. CONTRACTS—CONSTRUCTION.

A contract, appointing plaintiffs exclusive sellers of defendant's product within certain territory, declared that if any difference or controversy should arise between the parties in respect to any machinery, and such difference or controversy should not be mutually amicably settled, then all obligations under the contract should be suspended at the option of either, to be declared by letter, and that if there was any failure to perform or pay by either party as agreed, and such failure should not be redeemed by performance or payment within 15 days, then all obligations should cease and terminate, except for adjustment of business previously done. *Held*, that the latter provision did not qualify the former separable provision with respect to controversies, and that defendant was entitled to suspend the contract on controversies arising, without reference to the fact that defendant was in the wrong in each controversy.

2. SAME—NOTICE OF TERMINATION.

Where a contract authorized suspension by either party on notice in case controversies should arise, and that, if controversies so arising were not settled within 30 days after notice of suspension, either party might finally terminate the contract by like notice, defendant having served notice of suspension, plaintiffs, having recognized the status by suing on the suspension as wrongful, acquiesced in the termination of the relationship without further notice.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Albert G. Welsh, for plaintiffs in error.

William F. Vilas, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. Plaintiffs in error began this action at law to recover damages on account of defendant's alleged wrongful termination of a contract with them. Trial by jury was waived. After plaintiffs had introduced all the evidence they had on the question of defendant's liability, they offered evidence respecting damages. To this an objection was addressed and sustained. Plaintiffs contend that the ruling was given in a way equivalent to holding as a matter of law that plaintiffs had failed to make a prima facie case of liability. Defendant, claiming that evidence in its favor and conflicting with plaintiffs' evidence was before the court, insists that the ruling amounted to a general finding on conflicting evidence in relation to the facts on which liability was asserted, and that consequently no question of law was saved by the exception to the ruling. The record is somewhat obscure, and we pass the point, because, if it be assumed that plaintiffs' version is the true one, our construction of a provision in the contract renders irrelevant all the evidence on which plaintiffs predicate their theory of defendant's liability.

The contract contemplated that during five years and within certain territory plaintiffs should be the exclusive sellers of defendant's product. The provision above referred to reads as follows:

"But it is mutually agreed, as a paramount and controlling provision to every other in this contract, that if any difference or controversy shall arise between the parties hereto, in respect to any machinery made by the company, its efficiency, utility, or compliance with warranty or specifications, or in respect to any point of duty or obligation claimed by either party to the other, or if there be any failure to perform or pay by either party as herein agreed, and such difference or controversy shall not be mutually amicably settled, or such failure redeemed by performance or payment, within 15 days after the date of notice in writing by either party of such complaint to the satisfaction of the other, then all obligations under this contract on either side shall be suspended at the option of either, to be declared by a letter mailed to the other at his ordinary post office address, and thereupon in such case, unless such difference or controversy be so settled, or such failure redeemed, within 30 days thereafter, either party may finally terminate this contract and all additional or continuing obligation thereunder for the future by like notice to the other by letter, whereupon all obligation thereunder shall cease and terminate, except for, the adjustment of all business previously done hereunder."

Defendant gave notice of suspension in a letter that recited a number of controversies. Plaintiffs' proposition is that the undisputed evidence shows that defendant was in the wrong in each controversy, and therefore was not in a position to avail itself of the "suspension clause." The construction to be given to the contract was a matter of law, and we agree that the trial judge correctly ruled that defendant's right to suspend the contract was not limited as plaintiffs contend. By clear and undisputed evidence, from which but one inference of ultimate fact could properly be drawn, it was established that serious controversies of the kind mentioned in the "suspension clause" had arisen, and prior to defendant's notice of suspension had reached such a degree of acrimony that it was futile for the parties to attempt to get along with each other. Parties may lawfully provide in their contract that when such a situation develops either may end the relation for the future, without there being an inquiry as to who was at fault in starting the controversy. For the past the wrongdoer, of course, must account. Plaintiffs call attention to the provision that:

"If there be any failure to perform or pay by either party as herein agreed, [and] such failure [shall not be] redeemed by performance or payment within 15 days, then all obligations," etc.

This provision, in our judgment, does not qualify or color the other and separable provision with respect to controversies, namely:

"If any difference or controversy shall arise between the parties hereto in respect to any machinery, * * *, and such difference or controversy shall not be mutually amicably settled, * * * then all obligations under this contract shall be suspended at the option of either, to be declared by a letter," etc.

A suggestion is made by plaintiffs that after all the contract was not terminated, because defendant failed to follow up its notice of suspension with a notice of termination in accordance with the terms of the contract. If controversies be not settled within 30 days after notice of suspension, "either party may finally terminate this contract by like notice." Though plaintiffs did not give notice by letter, as they might have done, they effectively recognized the status by bas-

ing this action on the suspension as the wrongful act that totally deprived them of the opportunity to make the profits they would have made if the relationship had not been ended by defendant.

The judgment is affirmed.